# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

vs) **No. 14-0199** (Gilmer County 13-F-9)

**Larry Dale Lilly, Defendant Below,
Petitioner**

**FILED**

April 13, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Larry Dale Lilly, by counsel Daniel R. Grindo, appeals the Circuit Court of Gilmer County's October 28, 2014, order denying his motion to suppress evidence resulting from a traffic stop. The State, by counsel Laura Young, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion to suppress all evidence from the traffic stop because it was illegal.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 5, 2012, Sergeant Mark Yost of the West Virginia State Police pulled petitioner over while petitioner was traveling east on West Virginia Route 5 in Gilmer County. The stop occurred just before midnight because petitioner did not have a "clear legible registration light." During the traffic stop, Sergeant Yost discovered approximately 10.7 grams of methamphetamine in petitioner's possession. As a result of the stop, petitioner was indicted in July of 2011, under West Virginia Code § 60A-4-401(a)(ii) for the felony offense of Manufacture, Delivery or Possession of a Controlled Substance with Intent to Manufacture or Deliver a Schedule II Controlled Substance.

In September of 2013, petitioner filed a motion to suppress all of the evidence obtained from the traffic stop. At the suppression hearing held on October 16, 2013, the circuit court reviewed video of the traffic stop. Further, Sergeant Yost testified that although petitioner's license plate appeared lit when it reflected the police cruiser's lights or the surrounding lights, it was otherwise dim or unlit as he followed petitioner down the highway. After stopping petitioner for the non-functioning registration light, Sergeant Yost noticed a small wooden box in the vehicle. Sergeant Yost asked to see the contents of the small wooden box and petitioner voluntarily consented. The box contained methamphetamines, scales, spoons, and baggies. A

forensic lab later verified that the box contained schedule II methamphetamines. Petitioner testified that he knew that his registration light was functional at the time of the stop because he checked it before he drove that night and again when he reclaimed his vehicle from the impound yard.

In October of 2013, the circuit court denied petitioner's suppression motion. The circuit court reasoned that the video from Sergeant Yost's police cruiser showed that petitioner's registration light was not functioning at the time of the traffic stop and was only illuminated by lights from the police cruiser or from light in the surrounding area. The circuit court found that petitioner's registration plate had no illumination as required by West Virginia Code § 17C-15-5(c). In October of 2013, the circuit court held a plea hearing on the criminal indictment and petitioner entered into a conditional plea. Petitioner entered a guilty plea to the felony offense of Possession of a Controlled Substance with Intent to Manufacture or Deliver a Schedule II Controlled Substance on the condition that he reserved the right to appeal the pre-trial issue regarding his traffic stop. In September of 2013, the circuit court held a sentencing hearing and petitioner was sentenced to confinement in the state penitentiary for a period of not less than one nor more than five years. In January of 2014, the circuit court entered the sentencing order. This appeal followed.

We have previously established the following standard of review:

By employing a two-tier standard, we first review a circuit court's findings of fact when ruling on a motion to suppress evidence under the clearly erroneous standard. Second, we review de novo questions of law and the circuit court's ultimate conclusion as to the constitutionality of the law enforcement action. Under the clearly erroneous standard, a circuit court's decision ordinarily will be affirmed unless it is unsupported by substantial evidence; based on an erroneous interpretation of applicable law.

*State v. Lilly*, 194 W.Va. 595, 600, 461 S.E.2d 101, 106 (1995).

We have further explained that:

[w]hen reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error.

Syl. pt. 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

On appeal, petitioner argues that the stop was invalid because his registration light was functional and, therefore, the officer lacked articulable reasonable suspicion to make the traffic stop. Thus, he contends, the evidence from the search had to be suppressed. We disagree.

Petitioner incorrectly relies on prior case law and conflates the standards for mistake of fact and mistake of law to determine whether Sergeant Yost had reasonable articulable suspicion to execute the traffic stop. A mistake of law will automatically invalidate a stop but a mistake of fact will not invalidate a stop if the mistake is reasonable. See *State v. Dunbar*, 229 W.Va. 293, 729 S.Ed.2 539 (2012) (holding that a stop based on a mistake of law was not valid where officer incorrectly believed a broken side mirror violated the law); *Clower v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 535, 678 S.E.2d 41 (2009) (holding that a stop was invalid when based on a mistake of law where officer incorrectly believed the failure to use turn signal violated the law).

However, in the present case, the circuit court distinguished *Dunbar* and *Clower*, reasoning that in those cases the initial stops were based on law enforcement's belief that defendants had committed violations of law and during the stop the police discovered evidence of more serious crimes. However, the stops in both of those cases were found to be illegal because what the police officers perceived as violations of the law for the initial stops were in fact not illegal under West Virginia law. Therefore, the officers did not have reasonable articulable suspicion for the stops because there had been no violation of law. The circuit court further reasoned that petitioner's case is clearly distinguishable because it involves an actual violation of West Virginia law. It found that a non-functional registration light violates West Virginia Code § 17C-15-5(c).

In its analysis, the circuit court also pointed to *Strick v. Cicchirillo*, 224 W.Va. 240, 683 S.E.2d 575 (2009), in which an officer performed a valid traffic stop of a vehicle for violating the tail light portion of the same law involved in petitioner's traffic stop. We have previously held that an officer may stop a vehicle for a misdemeanor violation of the state's traffic laws. *Strick,* 224 W.Va. at 242, 683 S.E.2d at 577. (referencing West Virginia Code § 17C-15-1(a)). The circuit court's application of West Virginia law to petitioner's traffic stop for a non-functional registration light is in line with case law regarding the validity of the traffic stop. Therefore, there was no mistake of law to invalidate petitioner's traffic stop.

After determining that a non-functional registration light violates West Virginia law, the circuit court found that petitioner's registration light was non-functional. The circuit court also properly found that Sergeant Yost articulated reasonable suspicion for the traffic stop. The circuit court found that the video evidence corroborated Sergeant Yost's testimony that petitioner's registration light was not functioning at the time of the traffic stop and was only illuminated by lights from the police cruiser or from light in the surrounding area. This Court agrees and therefore, because Sergeant Yost made no mistake of fact and articulated reasonable suspicion, petitioner's stop was valid.

For the foregoing reasons, the circuit court's October 28, 2014, order denying petitioner's motion to suppress evidence resulting from a traffic stop is hereby affirmed.

Affirmed.

**ISSUED**: April 13, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II